**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Alferis Coby v. The State of Texas

Appellate case number:    01-18-00991-CR

Trial court case number:  1485214

Trial court:                        180th District Court of Harris County

Appellant's brief was originally due on January 22, 2019. Appellant, counsel requested and was granted three extensions of time to file the brief until April 22, 2019, the last of which included the proviso "no further extensions granted." On April 22, 2019, appellant's counsel requested a fourth extension of 30 days. We deny the motion for extension.

Pursuant to Rule of Appellate Procedure 38.8, we abate this appeal and remand the case to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed counsel Inger Chandler, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute this appeal; and, if so,

(2)    whether appointed counsel Chandler has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3)    and, if so, whether appellant is presently

    (a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

---

[1]    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if appointed counsel Chandler has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that counsel has failed to file a brief and establish a date by which counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than May 30, 2019.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than June 14, 2019.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

Should appellant's brief be filed on or before May 30, 2019, the Court will withdraw this order and reinstate the case on the active docket.

It is so ORDERED.


Judge's signature: ___/s/ Justice Peter Kelly_____
                    ☑ Acting individually    ☐ Acting for the Court


Date: ___April 30, 2019___